### In the Matter of MANSFIELD FERROUS CASTINGS, INC., Debtor.

**Bankruptcy No. 687–01567.**

United States Bankruptcy Court, N.D. Ohio.

Sept. 12, 1988.

Richard A. Princic of Day, Ketterer, Raley, Wright & Rybolt, Canton, Ohio, for plaintiff.

Russ Kendig of Krugliak, Wilkens, Griffiths & Dougherty, Canton, Ohio, for defendant.

## MEMORANDUM OF DECISION

JAMES H. WILLIAMS, Chief Judge.

Presently before the court is a Motion for the Appointment of an Additional Committee, filed on behalf of the employees of Mansfield Ferrous Castings, Inc. (Employees). The Official Unsecured Creditors Committee (Committee) responded asserting various reasons in opposition to the motion.

A hearing was held at which the Employees were given an opportunity to file a written response to the objections of the Committee. The Employees and Committee have also filed joint stipulations of fact with the court.

## FACTS

On October 26, 1987, Mansfield Ferrous Castings, Inc. filed for relief under Chapter 11 of Title 11 of the United States Code. (Bankruptcy Code) The debtor has continued in its business of the manufacture and sale of ferrous castings as debtor in possession pursuant to Bankruptcy Code sections 1107 and 1108.

In 1984, the stock of the debtor was acquired by a trustee appointed pursuant to an Employee Stock Ownership Plan and Trust (ESOP). One hundred forty-one current or former employees of the debtor are participants in and beneficiaries of the ESOP Trust. The debtor has listed the Employees as its equity security holders.

Additionally, the 141 Employees claim to be owed $558,800.00 on a loan made to the debtor through the ESOP Trust. The claim is based on notes from the ESOP Trust payable to the individual employees. A proof of claim has been filed for this amount by the ESOP Trust.

The total amount of secured and unsecured debt of the debtor, including the amount claimed to be owed to the Employees, is approximately $5,332,389.18. The total value of debtor's assets consisting of cash, accounts receivable, inventory, land and buildings and machinery and equipment is approximately $4,257,451.00.

## DISCUSSION

The provisions of 11 U.S.C. § 1102(a)(2) vest the bankruptcy court with the discretion to order the appointment of additional committees:

On request of a party in interest, the court may order the appointment of additional committees of creditors or of equity security holders if necessary to assure adequate representation of creditors or of equity security holders. The United States trustee shall appoint any such committee.

As provided in Section 1102(a)(2), the appropriate standard to be used in the determination of whether an additional committee is needed is whether the creditors or equity security holders are adequately represented. However, as has been observed by several courts, "[t]he statute affords no test of adequate representation leaving the bankruptcy courts with discretion to examine the facts of each case to determine if additional committees are warranted." *In re Beker Industries Corp.* 55 B.R. 945, 948

(Bankr S.D.N.Y.1985); *See also, In re Johns–Manville Corp.* 68 B.R. 155 (S.D.N.Y.1986).

Some guidelines have been developed by various courts to determine when an additional committee is necessary:

The first consideration is the number of shareholders. When the debt is widely held, official committee representation is usually necessary to insure that the shareholders are adequately represented ... Although some shareholders might have the resources to protect their own interests, the shareholders-in contrast to official committee members-do not have a fiduciary duty to represent the interests of other shareholders ... Another guideline is the complexity of the case. Official committee status might be necessary, for example, when the shareholders are expected to actively participate in the case, rather than merely vote on a reorganization plan ... A third standard is whether "the cost of the additional committee ... significantly outweighs the concern for adequate representation ..." ...

*In re Johns–Manville* 68 B.R. at 159 (citations omitted).

The Committee, seizing upon the cost of an additional committee, argues that an equity security holders' committee is inappropriate when the debtor is insolvent. The gist of its argument is that "there is no justification for an equity security holders' committee if there is no equity and, thus, shareholders will not be receiving anything under the plan." (Committee's Memorandum p. 2).

The court, however, must be guided by all the facts and not look exclusively to the issue of solvency. It appears that the Employees are in a unique position. First, obviously, they are employees of the debtor. As is argued by the Committee, the Bankruptcy Code does not provide for the appointment of an employees' committee. But the Employees also wear the hats of creditors. The ESOP Trust, in which the employees are participants and beneficiaries, has filed a proof of claim for $558,800.00. Again, if the Employees' status was solely as creditors, the Committee would be able to adequately represent them. However, the Employees have a third role in this bankruptcy proceeding. As participants in and beneficiaries of the ESOP Trust which holds the debtor's stock, they are equity security holders.

When these three roles are combined into one group, it is apparent that the Employees, who number 141 and lack the resources to protect their interests individually, are not adequately represented in the debtor's bankruptcy proceedings.

Additionally, the Committee has raised the issue of whether the Employees are in fact true equity security holders or even creditors of the debtor. This stance of the Committee hardly indicates that it is in a position adequately to represent the interests of the Employees.

Finally, the size and complexity of debtor's bankruptcy proceedings weigh in favor of the appointment of an additional committee. With assets of more than $4,000,000.00, average monthly net sales of over one million dollars, and the involvement of an ESOP Trust, debtor's business operations are large and complex enough to warrant the additional committee sought.

An order in accordance herewith shall issue.